UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS ANTHONY PICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JULIANNE IVORY, ADULT )<br>PROBATION, and COMMISSIONER )<br>INDIANA DEPARTMENT OF )<br>CORRECTION, )<br>Respondents. ) | CAUSE NO. 3:10-CV-0258 WL |

OPINION AND ORDER

Petitioner Thomas Pica filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in the St. Joseph Circuit Court of non-payment of child support, intimidation, and harassment, and was sentenced to 188 days of incarceration and five years of probation. The Petitioner states that he is currently on probation.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Section § 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991).

The Petition asserts seventeen grounds for relief. Several of these grounds do not assert violation of the United States Constitution, laws or treaties, and therefore state no claim upon which relief can be granted. These grounds include ground two, alleging violation of Article I, § 22 of Indiana's constitution and Indiana Code § 31-16-12-1; ground five, alleging violation of Indiana Code § 31-16-6-6; ground six alleging violation of Article I § 22 of Indiana's constitution; ground eleven, alleging violation of Article I § 30 of Indiana's constitution; ground thirteen, alleging violation of Article I §§ 11 and 21 of Indiana's constitution; and ground sixteen, alleging violation of Article I § 22 of Indiana's constitution and Indiana Code § 34-47-4-2.

Other claims presented by the Petitioner do not implicate the validity of his conviction and sentence and therefore state no claim upon which relief can be granted. These include ground one, alleging that he was "erroneously arrested in the State of Indiana" on March 19, 1997[1] (DE 1 at 5); ground three, alleging a state trial court erred in determining paternity in a civil case; ground four alleging problems with traveling while Pica was in Japan that prevented him from returning to the United States; ground seven, asserting that a state trial court ordered him to pay money in support of a minor child; ground ten, alleging violation of the First Amendment's free speech clause; ground fourteen, alleging that the state has not accounted for all of his $1,500.00 in bond money; and ground seventeen, alleging wrongful denial of a passport. These claims do not implicate the validity of the Petitioner's conviction or sentence, and may not be brought in a § 2254 action.

---

[1] According to the petition, The petitioner was convicted on March 1, 2009.

In grounds eight and fifteen, the Petitioner asserts ineffective assistance of counsel; in ground nine he asserts that his convictions for intimidation and harassment violate the Fifth Amendment's double jeopardy clause; and in ground twelve he asserts that he did not receive good time credits for time he spent in jail, which could state a claim if the date he was released from physical custody effects the amount of time he will spend on probation. These grounds at least potentially present claims cognizable under 28 U.S.C. § 2254.

For the foregoing reasons, the court:

(1) GRANTS the petitioner leave to proceed on grounds eight, nine, twelve, and fifteen, of his petition for writ of habeas corpus;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES the claims presented in grounds one, two, three, four, five, six, seven, ten, eleven, thirteen, fourteen, sixteen, and seventeen of the petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the Respondents and the Indiana Attorney General along with the order to show cause.

SO ORDERED on November 3, 2010

                                           s/William C. Lee
                                           William C. Lee, Judge
                                           United States District Court