UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| THOMAS ANTHONY PICA, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:10-CV-0258 WL |
|  | ) |  |
| ST. JOSEPH COUNTY PROBATION DEPARTMENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Petitioner Thomas Pica filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in the St. Joseph Circuit Court for non-payment of child support, intimidation, and harassment, for which he was sentenced to 188 days of incarceration and five years of probation. The Petitioner is currently on probation and is in the custody of the St. Joseph County Probation Department.

The Court reviewed Pica's petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases, dismissed the claims presented in grounds one, two, three, four, five, six, seven, ten, eleven, thirteen, fourteen, sixteen, and seventeen of his petition. The Court granted the Petitioner leave to proceed on grounds eight, nine, twelve, and fifteen, of his petition. In grounds eight and fifteen, Pica asserts ineffective assistance of counsel; in ground nine he asserts that his convictions for intimidation and harassment violate the Fifth Amendment's double jeopardy clause; and in ground twelve he asserts that he did not receive good time credits for time he spent in jail.

The Respondent argues that Pica did not exhaust his state court remedies on the claims he presents in grounds eight, nine, twelve, and fifteen, of his petition, as required

by 28 U.S.C. 2254(b)(1)(A). In his traverse, Pica does not dispute the Respondent's contention that he did not exhaust his state court remedies, but argues that the failure to exhaust these issues was the fault of his appellate counsel (DE 22 at 3-4).

The portion of the state court record submitted by the Respondent establishes that in his direct appeal, filed by his appellate counsel, the Petitioner contended that the evidence was insufficient to sustain his convictions and that his trial counsel was ineffective (DE 19-3). On October 21, 2009, finding no error, the Indiana Court of Appeals affirmed the trial court's judgment and sentence (DE 19-5).

The Petitioner, proceeding *pro se*, sought rehearing raising four new claims of error: ineffective assistance of appellate counsel, double jeopardy, unaccounted jail time, and renunciation of citizenship (DE 19-6). The Indiana court of appeals denied rehearing on January 13, 2010 (DE 19-2 at 4). On transfer, again proceeding *pro se*, the Petitioner raised an additional twelve new issues for the first time (DE 19-7). Under Indiana law, a new claim may not be raised for the first time on rehearing or transfer. *See, e.g., Paramo v. Edwards*, 563 N.E.2d 595, 600 (Ind. 1990); *City of Indianapolis v. Wynn*, 239 Ind. 567, 159 N.E.2d 572, 582 (1959); *Fields v. State*, 179 Ind. App. 421, 425, 386 N.E.2d 184, 186 (1979) (opinion on rehearing). The Indiana Supreme Court denied transfer on March 25, 2010 (DE 19-2 at 4). Although the issues the Petitioner sought to raise in his request for rehearing and his petition to transfer could have been presented to the Courts in a petition for post-conviction relief, he did not seek post-conviction relief.

Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the

remedies available in the courts of the State." To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel* 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844. It is the petitioner's burden to prove exhaustion. *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971).

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their state's prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. at, 845; *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *O'Sullivan v. Boerckel*, 526 U.S. at 845.

The Petitioner did not present his ineffectiveness of appellate counsel claim, his Fifth Amendment double jeopardy claim, or his jail credit time claim in his state court appeal. The only claim presented in Pica's habeas corpus petition that was also presented in his direct appeal is his ineffectiveness of trial counsel claim. But Pica presents different

3

arguments in his petition for writ of habeas corpus than his appellate counsel presented in his direct appeal.

The Exhaustion Doctrine requires that a habeas petitioner "fairly present" his federal constitutional claims to the state courts before submitting them to the federal courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). Fair presentation contemplates that "both the operative facts and the controlling legal principles must be submitted" to the state court, and failure to present both restricts the issues that a federal court may consider during collateral review. *Id.* at 1474. Because Pica did not present to the Indiana Supreme Court the facts and arguments he advances in his habeas petition regarding his trial counsel he has not exhausted those claims.

A habeas petitioner can overcome a procedural default, including failure to exhaust, by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). To meet the "prejudice" requirement, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred, *Owen v. Secretary for the Department of Corrections*, 568 F.3d 894, 908 (11th Cir. 2009).

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of

4

justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, a habeas applicant must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Petitioner has not demonstrated actual innocence, but he does argue in his traverse that his appellate counsel did not present claims on appeal that Pica wished to pursue, and asserts that his counsel's inaction establishes cause for his failure to exhaust his state court remedies. Ineffective assistance of appellate counsel, in the proper circumstances, can meet the cause prong of the *Wainwright* test. But even if Pica's counsel's failure to present the unexhausted issues in his direct appeal constitutes sufficient cause, the Petitioner has not established prejudice because he could have filed a petition for post-conviction relief raising the unexhausted claims, which would have allowed him to exhaust his state court remedies. Indeed, Pica may still present these claims to the state courts in a petition for post-conviction relief.

Generally, a petition for a writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any of the petitioner's federal claims. *See Rose, 455 U.S. at 510.* But under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court has discretion to stay

rather than dismiss the habeas petition of a petitioner who has potentially meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

> . . . it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss the mixed petition.

*Rhines v. Weber*, 544 U.S. at 278.

But the Petitioner has long been aware of the claims he presents in grounds eight, nine, twelve, and fifteen, of his habeas petition. Indeed he improperly attempted to present these claims in his direct appeal. As already noted, these claims could have been presented to the state courts in a post-conviction proceeding, and the Petitioner has not given the Court any reason why he did not present these claims to the state courts in a petition for post-conviction relief. Because the Petitioner has not shown good cause for his failure to seek state collateral review of the claims he presents in grounds eight, nine, twelve, and fifteen, of his habeas petition , the Court will dismiss these claims rather than give him a stay and abeyance.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Pica a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Pica's petition for writ of habeas corpus must be dismissed because he has not exhausted his state court remedies, and he has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Pica a certificate of appealability.

For the reasons set forth above, the Court DISMISSES the petition for writ of habeas corpus (DE 1), DIRECTS the Clerk to close this case, and DENIES a certificate of appealability.

SO ORDERED on February 24, 2012

 s/William C. Lee  
William C. Lee, Judge  
United States District Court